UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:05-cr-19-FTM-29SPC

GINGER CULLISON
_____

## OPINION AND ORDER

This matter is before the Court on defendant Ginger Cullison's *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 (Doc. #40), filed on February 27, 2008. Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. The government has advised the Court that it does not oppose the motion.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing

Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1].  Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).  Defendant Cullison satisfies all of these eligibility requirements and a reduction in the term of imprisonment

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

would be consistent with the Sentencing Guidelines policy statement.[2]

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d

---

[2]The Probation Office reports that defendant is within the custody of the Bureau of Prisons until April 4, 2008, and therefore she is still serving her term of imprisonment.

at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. Bravo, 203 F.3d at 781; United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10, Application Note 1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 1227-28 (11th Cir. 1995).

At the original sentence, the Court determined that defendant's Total Offense Level was 25, her Criminal History Category was I, and the Sentencing Guidelines range was 57 to 71 months imprisonment. Defendant was sentenced to 57 months imprisonment. The application of Amendment 706 results in a Total Offense Level of 23, a Criminal History Category of I, and a Sentencing Guidelines range of 46 to 57 months imprisonment. The Court also granted a Rule 35 motion, departed by an additional three levels, and reduced defendant's sentence to 41 months incarceration. The Court concludes that these three levels should be deducted from the re-calculated Total Offense

Level after application of Amendment 706.  This results in a Total Offense Level of 20; a criminal History of I, and a range of 33 to 41 months imprisonment.  The Probation Office reports that defendant maintained a clear conduct record while incarcerated, maintained positive institutional adjustment, and has done well at the half-way house.  Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendant Ginger Cullison's Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 (Doc. #40) is **GRANTED** as set forth below.

2.  The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 33 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.  This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of March, 2008.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

```
Copies:
AUSA Casas
Ginger Cullison
U.S. Probation
U.S. Marshal
DCCD
```